JUSTINE ADAMS, Plaintiff, *v.* ISIDOR BOOK, Appellant, Impleaded with ELBRO HOLDING CORPORATION, Respondent.

First Department, May 31, 1935.

*Edward A. Harmon* of counsel [*John A. Hughes* with him on the brief; *William E. Lowther,* attorney], for the appellant.

*E. Edan Spencer,* for the respondent.

GLENNON, J.  The plaintiff was injured through the negligence of the defendants, due to a collision of their automobiles.  She instituted an action and a judgment in the sum of $5,000 was entered in her favor in the Supreme Court, New York county.  Both defendants appealed.  This court unanimously affirmed the judgment during the November term, 1934.  (242 App. Div. 812.)  The plaintiff thereafter made claim against the defendant Isidor Book for the full amount.  The latter demanded of his codefendant, Elbro Holding Corporation, that it pay its *pro rata* share of the judgment, but was met with a refusal.

Book paid the judgment in full by a draft of the London Guarantee & Accident Company, Ltd., which had insured him.  He then made an application, through the attorney who represented his insurance company, for a judgment against his codefendant for the sum of $2,800 by motion on notice pursuant to the provisions of section 211-a of the Civil Practice Act.  The application was denied at Special Term for the reason that " the original judgment having been paid by the insurance company, the right of contribution belongs to it."

We believe that the construction placed upon the statute by the court at Special Term is too narrow.  The source from which Book procured the money to pay the judgment should not have been

considered. The fact remains that it was actually paid to the plaintiff in satisfaction of the entire judgment.

We are not concerned here with any possible claim to subrogation which the London Guarantee & Accident Company, Ltd., might have had. The defendant Elbro Holding Corporation is not exposed to a possible double liability, since it is quite apparent that the London Guarantee & Accident Company, Ltd., does not intend to avail itself of any right to subrogation if Book is to succeed upon this motion. Furthermore, it might be well to note in passing that the Elbro Holding Corporation was also insured, and that the payment of the *pro rata* share of the judgment is resisted principally by the company which has written its policy. If we are to give full force and effect to the underlying purpose of section 211-a, we readily reach the conclusion that the order should be reversed, with twenty dollars costs and disbursements, and the motion granted in all respects.

MARTIN, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted. Settle order on notice.