CLAIR WOLD, an Infant, by DAVE WOLD, Her Guardian ad Litem, and DAVE WOLD, Plaintiffs, v. RUBIN GROZALSKY, Respondent; FANNIE MICHAELSON, Defendant, and JENNIE BLINDERMAN, Appellant.— In an action for damages for personal injuries sustained by the infant plaintiff and for damages for loss of the

infant's services suffered by her father, in which plaintiffs recovered judgment against the three defendants in the action for the aggregate sum of $1,500, which judgment was paid in full by the defendant-respondent, Grozalsky, order directing entry of judgment against the defendant-appellant, Blinderman, in favor of the defendant-respondent, Grozalsky, for contribution to the extent of $750 to be made by Blinderman to Grozalsky, and judgment thereon entered, unanimously affirmed, with ten dollars costs and disbursements. The liability declared by the original judgment for $1,500 against the three defendants was for tort for which two of those defendants, Grozalsky and Michaelson. owning and controlling the premises 1717 Sixty-second street, Brooklyn, were jointly liable with defendant Blinderman, owning and controlling the adjoining premises, 1719 Sixty-second street, Brooklyn. Reasonable construction of the statute, Civil Practice Act, section 211-a, supports the ruling of the Special Term to the effect that the appellant, Blinderman, is liable for contribution to defendant Grozalsky of fifty per cent of the amount paid by the latter in satisfaction of the judgment. It is legally immaterial that the respondent, Grozalsky, paid the judgment through his insurance carrier. (*Adams* v. *Book*, 244 App. Div. 646.) Present — Hagarty, Davis, Johnston, Taylor and Close, JJ.